UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No.: 2:15-cr-19-SPC-DNF

PATRICK TOWNS

## ORDER

Before the Court is Defendant Patrick Towns' pro se motion for compassionate release. (Doc. 65). The United States responded in opposition. (Doc. 66). For the following reasons, the Court denies the motion.

## Background

On May 6, 2015, Defendant pled guilty to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Docs. 23, 24). The charge related to a December 26, 2014, traffic stop in which Fort Myers Police Department officers found a handgun in Defendant's vehicle. (Doc. 32 ¶¶ 6–9). On August 17, 2015, the Court sentenced Defendant to 100 months' imprisonment, followed by three years of supervised release. (Docs. 35, 36). Defendant is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana, is 46 years old, and is projected to be released on July 27, 2030. (Doc. 66 at 2).

Defendant asks the Court for compassionate release because of "five interrelated circumstances." (Doc. 65 at 3). These circumstances are: (1) an

"unusually long-life illness" that is deteriorating Defendant's life; (2) his youth and immaturity at the time of the offense; (3) his "extraordinary rehabilitation" while imprisoned; (4) his exceptional conduct in prison; and (5) "additional equitable considerations." (*Id.* at 3, 4).

## Legal Standard

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One such statute is 18 U.S.C. § 3582(c)(1)(A), which concerns compassionate release. A court may grant compassionate release if (1) "an extraordinary and compelling reason exists," (2) "a sentencing reduction would be consistent with U.S.S.G. § 1B1.13," *and* (3) the "[18 U.S.C.] § 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). "If any one of the necessary findings cannot be made, then compassionate release is not permissible." *Id.* at 1348 (citation omitted).

A defendant seeking compassionate release "bears the burden of proving entitlement to [such] relief." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021). And a defendant moving a court for compassionate release may do so only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

2

of the defendant's facility, whichever is earlier." *United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

## Analysis

After considering the parties' briefs, the record, and applicable law, the Court denies the motion. To begin, Defendant does not demonstrate exhaustion of administrative remedies under 18 U.S.C. § 3582(c)(1)(A). He asserts that he petitioned his warden for compassionate release on December 23, 2025, and the warden denied his request. (Doc. 65 at 3). Yet, Defendant's motion does not attach the warden's response to his petition.[1] As Defendant bears the burden of establishing exhaustion, his bald statement that the warden denied his request is insufficient. *See United States v. Doster*, No. 1:17-CR-95-WKW, 2025 WL 2616366, at *1 (M.D. Ala. Sept. 10, 2025) ("[M]erely assert[ing] compliance with § 3582(c)(1)(A) without providing supporting evidence" does not satisfy the exhaustion requirement); *United States v. Goodwin*, 2021 WL 1966825, at *2 (S.D. Ala. May 17, 2021) (denying a compassionate release motion because the defendant "failed to provide evidence" of exhaustion).

Even assuming Defendant exhausted his administrative remedies, he does not establish extraordinary and compelling circumstances that warrant

---

[1] Defendant states that the warden's denial of his petition is attached to his motion, but no such attachment accompanies his filing. (Doc. 65 at 3).

3

his release.  Defendant first asserts he should be granted compassionate release due to a "gross sentence disparity" and unspecified changes in law. (Doc. 65 at 4).  His argument is meritless.  The Sentencing Guidelines allow a reduction in sentencing where a defendant receives an "unusually long sentence . . . and has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6).  Under the plain text of the guidelines, Defendant is not eligible for relief because he has served approximately 32 months of his federal sentence, far less than the ten-year minimum.  (Doc. 65 at 1).

Defendant also fails to demonstrate that his youth at the time of his offense justifies release.  He committed the offense in December 2014, so he was 34 then.  (Doc. 32 at 2–4).  Defendant concedes in his motion that Supreme Court decisions about "youthful offenders . . . formally apply to individuals under eighteen."  (Doc. 65 at 5).  He provides no authority extending these decisions to individuals in their mid-thirties.  Instead, he states that "[m]odern neuroscience establishes that brain development particularly executive functioning and emotional regulation continues well into the mid-thirties." (*Id.*).  Without supporting evidence or case law, this is meaningless. Defendant's age at the time of his offense is not an extraordinary and compelling circumstance justifying compassionate release.

Defendant's arguments based on his rehabilitation and good conduct in prison fare no better.  He states that since entering federal custody in 2023, he

has completed substance abuse treatment, participated in educational programs, helped other inmates struggling with drug abuse, and is working towards obtaining his GED. (Doc. 65 at 6). Rehabilitation alone is not an extraordinary and compelling reason that may justify a sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). That said, the Court may consider Defendant's rehabilitation in combination with other circumstances when determining whether and to what extent a sentence reduction is warranted. *See* U.S.S.G. § 1B1.13(d). As with Defendant's exhaustion arguments, insufficient facts are offered to support his assertions. Defendant's educational records only show classes taken during an earlier period of incarceration, with the last course taken in 2007. (Doc. 67-3). Defendant asserts he has no record of violations since arriving at Terre Haute in 2024.[2] He suggests the lack of any discipline even within two years is "exceptionally rare" but again provides no supporting evidence. (Doc. 65 at 6). The Court finds whatever rehabilitation and good conduct Defendant demonstrates does not justify release, even when considered with other factors.

Defendant's health issues are not an extraordinary and compelling reason for compassionate release either. He identifies three specific diseases

---

[2] As the Government points out, no records are provided regarding Defendant's disciplinary record from his prior eight years in state custody. (Doc. 66 at 10).

he has—lupus, idiopathic pulmonary fibrosis, and polymyositis.[3] (Doc. 65 at 6, 7).  He states that these conditions have deformed his fingers, and cause him severe pain, fatigue, and difficulty breathing.  (*Id.*).  To warrant compassionate release, a defendant must suffer from either a (1) terminal illness "with an end of life trajectory"; or (2) serious medical condition that "substantially diminishes" the defendant's ability to provide self-care while incarcerated and from which he is not expected to recover.  U.S.S.G. § 1B.13, cmt. n.1(A).  Defendant does not demonstrate that these circumstances exist.  He also fails to show he is being denied care, let alone that he is "at risk of serious deterioration in health or death" because of a failure to provide care.[4]  U.S.S.G. § 1B1.13(b)(1)(C).  So Defendant's medical issues do not present extraordinary and compelling circumstances justifying relief.

Finally, the Court finds the Section 3553(a) factors weigh against granting compassionate release.[5]  Defendant's final PSR documents an

---

[3] Defendant had lupus and polymyositis at the time of his sentencing, as documented in the presentence report ("PSR"). (Doc. 32 ¶¶ 68–73).

[4] Defendant's medical records show that he is receiving treatment for all of his conditions. (Doc. 67-4 at 2–7, 10, 13, 25, 33, 34, 46).

[5] The Section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among

extensive criminal history, including a sexual battery of a three-year-old at age 13, theft, burglary, multiple instances of drug possession, conspiracy to distribute cocaine, discharging a firearm in public, and aggravated assault with a deadly weapon. (Doc. 32 ¶¶ 30–48). Moreover, he committed the instant offense while out on bond for his 2014 aggravated assault charge. (Doc. 66 at 19). The Court concludes that granting Defendant compassionate release would not adequately punish him for his conduct, reflect the seriousness of his crime, or deter others from engaging in similar crimes. In sum, Defendant fails to meet his burden to demonstrate that compassionate release is warranted. The motion is therefore denied.

Accordingly, it is

**ORDERED**:

Defendant Patrick Towns' Motion for Compassionate Release (Doc. 65) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on March 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

---

defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

7